UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACQUELINE STEINMETZ, | Case No.: 2:19-cv-00067-APG-GWF |
| Plaintiff, | **ORDER** |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | |
| Defendants. | |

This matter is before the Court on Defendant Experian Information Solutions, Inc.'s Motion to Stay Discovery (ECF No. 48), filed on April 5, 2019; and Motion for Protective Order (ECF No. 53), filed on April 15, 2019.

**BACKGROUND**

Defendant Experian has filed a motion to dismiss Plaintiff's first amended complaint which alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681(e)(b), 1681i, and 1681g, and Nevada Revised Statutes (NRS) 598C.160 and 598.130. Among other things, Defendant argues that Plaintiff has not adequately alleged that she suffered injury-in-fact as a result of violations of the FCRA and Nevada statutes.

Plaintiff alleges that Experian's violations of the FRCA and NRS 598C caused her to suffer actual damages, "including without limitation out-of-pocket expenses in the form of transportation and lost time in challenging these defendants' wrongful omissions. Her credit reporting issues have caused Plaintiff to suffer increased emotional distress, in the form of

diminished self-image, humiliation, embarrassment, nervousness, anxiety, panic attacks, depression, frustration and sadness – and because she feels as though she has let down her marriage. Plaintiff has also avoided applying for credit for fear of being denied." *First Amended Complaint* (ECF No. 28) at ¶ 76. Plaintiff also alleges that her credit worthiness has been damaged by the inaccurate information in Experian's files. *Id.* at ¶ 77. Plaintiff does not allege, however, that she has been denied credit because of inaccurate information reported by Experian. Nor does she allege that she suffered other adverse consequences such as loss of an employment opportunity.

## **DISCUSSION**

"The purpose of Federal Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D.Nev. 2011) (citing *Rutman Wine Co. v. E&J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). "'[D]iscovery *follows* the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim for relief.'" *Mujina v. Airscan, Inc.*, 771 F.3d 580, 583 n. 7 (9th Cir. 2014) (quoting *Carter v. DeKalb Cnty., Ga.*, 521 Fed.Appx. 725, 728 (11th Cir. 2013)). The district court has wide discretion in controlling discovery, and it may properly stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Tradebay*, 278 F.R.D. at 601 (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).

*Tradebay* noted that district courts in the Ninth Circuit have adopted different tests for determining whether a stay of discovery should be granted. Some courts stay discovery if there appears to be *an immediate and clear possibility* that the dispositive motion will be granted. *Id.* at 602 (citing *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 384, 286 (S.D.Cal. 2000)). Other courts apply a multi-factor test in deciding whether a stay should be granted. *Id.* (citing *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 601 (C.D.Cal. 1995)). The judges in this district have formulated the following test for granting a stay of discovery pending the decision on the underlying motion: (1) The pending motion must be potentially dispositive of the case as a whole, or at least of the claims as to which a stay of discovery is sought; (2) the potentially

2

dispositive motion can be decided without additional discovery; and (3) the court has taken a preliminary peek at the merits of the potentially dispositive motion and is convinced that plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D.Nev. 2013). This test, like those adopted by other courts, is an effort to achieve a balance between the interest in avoiding unnecessary and burdensome discovery versus the interest in expediting the completion of discovery. This district draws the balance strongly in favor expediting the completion of discovery and avoiding delay. The drawback of this test is that a defendant may be leveraged into settling a non-meritorious lawsuit solely to avoid the burden and expense of discovery.

The FCRA imposes a host of requirements concerning the creation and use of consumer reports. The act requires consumer reporting agencies to follow reasonable procedures to assure maximum possible accuracy of consumer reports; to notify providers and users of consumer information of their responsibilities under the Act; to limit the circumstances in which such agencies provide consumer reports for employment purposes; and to post toll-free numbers for consumers to request reports. *Spokeo Inc. v. Robins*, --- U.S. ---, 136 S.Ct. 1540, 1545 (2016) ("*Spokeo II*") (citing 15 U.S.C. §§ 1681e(b); 1681e(d); 1681b(b)(1); and 1681j(a)). Any person who willfully violates the Act with respect to any individual may be liable to that individual for either actual or statutory damages, costs of action and attorney's fees, and possibly punitive damages. *Id.* (citing § 1681n(a)).

In *Spokeo II*, the Supreme Court reversed the Ninth's Circuit's determination that plaintiff had sufficiently alleged injury-in-fact to support her claim for violation of the FCRA. The Court stated that an injury-in-fact must be both concrete and particular. "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* at 1548. Intangible injuries can be concrete. *Id.* at 1549. Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none previously existed. A plaintiff does not automatically satisfy the injury-in-fact requirement, however, simply because a statute grants him a statutory right and authorizes him to sue to vindicate that right. A bare allegation of procedural violations does not demonstrate injury-in-fact because such violations may result in

no harm. "For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.* at 1550.

On remand, the Ninth Circuit summarized *Spokeo II* as follows: "'Article III standing requires a concrete injury.' *Id.* To establish such an injury, the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.' *Id.* at 1548–49 (internal quotation marks omitted). In other words, even when a statute has allegedly been violated, Article III requires such violation to have caused some real—as opposed to purely legal—harm to the plaintiff." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017). The court stated that the Supreme Court "seem[ed] to have assumed that, at least in general, the dissemination of false information in consumer reports *can* itself constitute a concrete arm. *Id.* at 1114 (citing *Spokeo II*, 136 S.Ct. at 1550). The existence of inaccurate information in credit reports and the likelihood that such information will be important to entities that use such reports may be sufficient to satisfy the injury-in-fact requirement. *Id.* The court must, therefore, determine whether the plaintiff has alleged violations of the FRCA that actually harm, or at least that actually create a material risk of harm. *Id.* at 1115. Not every minor inaccuracy reported in violation of the FCRA will cause real harm or a material risk of real harm. The court is required to examine the *nature* of the specific alleged reporting inaccuracies to ensure that they raise a real risk of harm. The court noted that *Spokeo II* "unfortunately gave little guidance as to what varieties of misinformation should fall in the harmless category, beyond the example of an erroneous zip code." *Id.* at 1116-17.

In *Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749, 756 (9th Cir. 2018), the court stated that '[t]o sustain a claim under § 1681e or § 1681i of the FCRA, a plaintiff must first make a prima facie showing of inaccurate reporting by presenting evidence tending to show that

4

a credit reporting agency prepared a report containing inaccurate information. Information is inaccurate for purposes of the FCRA if it is patently incorrect or is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Id.* (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

It is not particularly easy for a district judge, in ruling on a Rule 12(b)(6) motion, to determine whether a plaintiff has alleged plausible claims for violation of the FCRA, and whether the alleged violations sufficiently demonstrate an injury-in-fact. It is even more difficult for a magistrate judge, in ruling on a motion stay to discovery, to determine by a "preliminary peek" whether all of the violations alleged in the complaint are certain or likely to be dismissed. In this case, Plaintiff alleges that she made all payments owed during her Chapter 13 bankruptcy, but that not all of this positive payment history was reported on the disclosures and reports she received from the credit reporting agencies. She claims that the suppression of this information violated the FCRA and caused her injury. *First Amended Complaint* (ECF No. 28), at ¶¶ 27, 96-97. In *Jaras v. Equifax Inc.*, 766 Fed.Appx. 492, 494 (9th Cir. March 25, 2019) (unpublished decision), the Ninth Circuit held that similar allegations were insufficient to allege a claim under the FRCA:

> Plaintiffs here do not make any allegations about how the alleged misstatements in their credit reports would affect any transaction they tried to enter or plan to try to enter—and it is not obvious that they would, given that Plaintiffs' bankruptcies themselves cause them to have lower credit scores with or without the alleged misstatements. They have therefore said nothing that would distinguish the alleged misstatements here from the inaccurate zip code example discussed by the Supreme Court in *Spokeo*. Indeed, Plaintiffs have not alleged that they tried to enter any financial transaction for which their credit reports or scores were viewed at all, or that they plan to imminently do so, let alone that the alleged inaccuracies in their credit reports would make a difference to such a transaction.

Arguably, in deciding the motion to stay discovery, the Court should attempt to parse each of Plaintiff's allegations to determine (1) whether it plausibly alleges a violation of the FRCA, and (2) whether it is the type of violation that would causes actual harm or actually create a material risk of harm. Such a time consuming use of judicial resources is not warranted where, as here, Plaintiff does not allege that she tried to enter any financial transaction for which the

credit reports or scores were viewed at all, or that she plans to imminently do so. At least where the alleged violations do not clearly appear to violate the FCRA and plaintiff has not alleged that she has been denied credit or experienced some other adverse action because of the inaccurate credit information, the appropriate approach, in furtherance of Rule 1's goal of a just, speedy and expensive determination of the action, is to stay discovery pending the decision on the motion to dismiss. Once that motion is decided, the parties +will be able to proceed with discovery on any claims that survive. This will ultimately save both time and expense, and promote a fair and just resolution of the lawsuit. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Experian's Motion to Stay Discovery (ECF No. 48) is **granted**. Discovery as to Plaintiff's claims against Defendant Experian is stayed pending the Court's decision on its motion to dismiss the first amended complaint.

**IT IS FURTHER ORDERED** that Defendant Experian's Motion for Protective Order (ECF No. 53) is **denied**, as moot.

DATED this 15th day of July, 2019.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**